# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC.,       )<br>         )<br>      Petitioner,   )<br>         )<br>vs.          )<br>         )<br>TURNER INVESTMENTS, INC., a West   )<br>Virginia corporation, and DONNIE W.   )<br>TURNER, an individual,   )<br>         )<br>      Respondents. | Case No: _____ |

## MEDICINE SHOPPE INTERNATIONAL, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD

Petitioner, Medicine Shoppe International, Inc. ("MSI"), by and through counsel, moves the Court to confirm an arbitration award pursuant to 9 U.S.C. § 9, as follows:

## I.       THE PARTIES

1.       MSI is a Delaware corporation with its principal place of business in St. Louis, Missouri.

2.       Respondent Turner Investments Incorporated, ("TII"), is a corporation organized under West Virginia law with its principal place of business located in Bluefield, West Virginia. TII has a a mailing address of 1808 Jefferson Street, Bluefield, West Virginia 24701.  TII's registered agent is Donnie Turner, 1808 Jefferson Street, Bluefield, West Virginia 24701.

3.       Respondent Donnie W. Turner ("Turner"), is a West Virginia citizen, residing in Bluefield, West Virginia, with a mailing address at P.O. Box 1440, Bluefield, West Virginia 24701.  Turner is President, Treasurer, and Incorporator of TII.

## II.       VENUE

4.       Venue in this district is proper under 28 U.S.C. § 1391(a)(2) and 9 U.S.C. § 9.

### III.    JURISDICTION

5.      This Court has subject matter jurisdiction based on 28 U.S.C. § 1332(a) and 9 U.S.C. § 9.  There is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

6.      This Court has authority to confirm the Award of Arbitrator, entered on January 30, 2009 (the "Award").  9 U.S.C. §9.

7.      The Award is in the total amount of $472,164.42 in favor of MSI in a claim filed with the American Arbitration Association (AAA)(Claim No. 58 193 00208 07).

8.      MSI brings this action to secure a Judgment from this Court confirming the Award, pursuant to 9 U.S.C. § 9.  A copy of the Award is attached as Exhibit 1.

9.      The arbitration was conducted in accordance with the arbitration provision set forth in the parties' License Agreement dated December 27, 1994.  Paragraph 14G of the License Agreement specifies that if any dispute under the License Agreement arises between the parties, the Parties contractually agree to arbitrate that dispute in St. Louis, Missouri.  A copy of the License Agreement is attached as Exhibit 2.

### IV.    CONFIRMATION OF AWARD OF ARBITRATOR

10.     MSI filed its claim with the AAA alleging that TII prematurely terminated the License Agreement.

11.     MSI alleged TII and Turner, pursuant to his personal Guaranty, owed MSI past due continuing License fees, future continuing License fees for the remaining 20-year term, MSI's attorneys' fees and costs, all in accordance with the License Agreement's terms.

12.     TII and Turner were duly notified of MSI's claim with the AAA, engaged in discovery and pre-hearing matters, and each appeared before the AAA and actively defended the claim during and extended hearing on the merits.

13.     After a contested hearing which was conducted on November 18, 2008, MSI, TII and Turner submitted post hearing briefs at the request of the Arbitrator.  The Arbitrator also directed the parties to a recent Missouri appellate decision related to future royalty damage claims.  Both parties submitted briefs on January 7, 2009.

14.     On January 30, 2009, the duly appointed arbitrator, Jerome A. Diekemper, entered the Award in favor of MSI, in writing, granting MSI's requested relief.

15.     Pursuant to the License Agreement, the Federal Arbitration Act (FAA), and the applicable law governing the arbitration, this Court should enter Judgment confirming the Award ,in favor of MSI in the amount of$472,164.42.

16.     The FAA requires that this Court enter an Order confirming the arbitrator's Award of Arbitrator unless the Court vacates, modifies, or corrects the Award pursuant to 9 U.S.C. §§ 10 and 11.

17.     There are no grounds, statutory or otherwise, upon which this Court should vacate, modify or correct the Award.

18.     Because there are no grounds, statutory or otherwise, upon which this Court may vacate, modify, or correct the Award, the Court must confirm the Award and enter Judgment confirming the Award in full.

## V.     <u>PRAYER</u>

19.     MSI prays that this Court enter its Order,pursuant to 9 U.S.C. § 9, confirming the Award , and that Judgment be entered jointly against Respondents, Turner Investment Company

and Donnie Turner., in the total amount of $472,164.42 in favor of MSI, and for any further

relief the Court deems just and proper.

BY: /s/Glenn E. Davis

  Glenn Davis     #30308
  Ed Spalty      #26086
  Craig G. Moore    #54070
  *Attorneys for Petitioner Medicine Shoppe*
  *International, Inc.*
  ARMSTRONG TEASDALE LLP
  One Metropolitan Square, Ste 2600
  St. Louis, MO 63102
  T: (314) 621-5070
  F: (314) 612-2241
  gdavis@armstrongteasdale.com
  espalty@armstrongteasdale.com
  cmoore@armstrongteasdale.com

## CERTIFICATE OF SERVICE

   I hereby certify that on February 18, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system or was mailed by United States Postal Service upon the following:

Stephen B. Evans, No. 40305
8000 Maryland  Avenue, Suite 640
St. Louis, Missouri 63105
T: 314.721.1024
F: 314.721.1741
steve@evanslaw-stl.com

*Attorney For Respondents Turner Investment*
*Company And Donnie Turner*

      /s/Glenn E. Davis