UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09MC00102 ERW |
| ) | |
| TURNER INVESTMENTS, INC., et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Medicine Shoppe International, Inc.'s Application

to Confirm Arbitration Award [doc. #2].  A hearing was held on March 30, 2009, and the Court

heard arguments from the Parties on this Motion.  Subsequently, the Parties submitted additional

documentation to the Court.

 **I.      BACKGROUND**

Donnie Turner is the President, Treasurer and Incorporator of Turner Investments.

Donnie Turner and Turner Investments (collectively, "Respondents") entered into a license

agreement with Medicine Shoppe International ("Petitioner") on December 27, 1994.  The terms

of this license agreement stated that Respondents would operate a Medicine Shoppe franchise for

twenty years.  Petitioner states that Respondents prematurely terminated the license agreement

when the franchise was closed in August 2007.

Petitioner sought past due license fees, future continuing license fees for the remainder of

the twenty year term, attorney's fees and costs from Respondents.  Pursuant to the terms of the

license agreement, Petitioner filed a claim with the American Arbitration Association. On January 30, 2009, an arbitrator entered an award in favor of Petitioner in the amount of $472,164.42. Petitioner has brought this action seeing a Judgment from the Court confirming the arbitration award.

Respondents ask that the Court vacate the arbitration award because the award shows manifest disregard for the law and because the arbitration process is fundamentally unfair to franchises and consumers. Specifically, Respondents state that the award is contrary to the law because Petitioner failed to present adequate evidence of lost future profits and failed to mitigate damages.

## II. LEGAL STANDARD

Judicial review of the arbitration award is permitted under 9 U.S.C. § 9. *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1402 (2008). Courts "'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Id.* Respondents bear the burden of proof in establishing sufficient grounds for the vacatur of the arbitration award. *M & A Elec. Power Coop. v. Local Union No. 702 Int'l Bhd. of Elec. Workers, AFL-CIO*, 773 F.Supp. 1259, 1262 (E.D. Mo. 1991). 9 U.S.C. § 10 details the various grounds upon which an arbitration award may be vacated, and in the absence of one of these grounds, the award must be confirmed. *Hall Street Associates, L.L.C.*, 128 S.Ct. at 1405.

Specifically, this statute states that an arbitration award may be vacated:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  Arbitration awards may not be vacated on any ground that is not enumerated in this statute.  *Prime Therapeutics L.L.C. v. Omnicare, Inc.*, 555 F.Supp.2d 993, at 998-99 (citing *Hall Street Associates L.L.C.*, 128 S.Ct. 1396, 1400-05).  "[T]he FAA provides the exclusive grounds for vacating an arbitration award."  *Prime Therapeutics LLC*, 555 F.Supp.2d 993, 997 (citing *Hall Street Associates, L.L.C.*, 128 S.Ct. at 1401-03).

## III.    DISCUSSION

Respondents enumerate several grounds upon which they believe the arbitration award should be vacated.  They assert that the arbitration award should be vacated because; (1)Petitioner intentionally delayed approving the pharmacy's transfer, causing a loss of goodwill, reduced fair market value, and the loss of Respondents' inventory.  Respondent asserts that this is a breach of the license agreement justifying its recession, (2) Petitioner failed to present adequate and sufficient evidence of lost future profits, and the arbitrator's award was therefore speculative, which is not permitted under Missouri law, and (3) Petitioner failed to mitigate damages, and this evidence was knowingly disregarded by the arbitrator.

Respondents state that the arbitrator possessed "clear knowledge of the above facts and applicable principles of law . . . [but] knowingly disregarded MSI's breach of the License Agreement by its intentional delay of approval of the transfer of Respondents' Pharmacy, MSI's failure to present adequate evidence of lost future profits, and MSI's failure to mitigate its damages."  Respondents assert that this demonstrates "a blatant and manifest disregard for the

law sufficient to justify vacating the arbitration award." Additionally, Respondents assert that the arbitration process is fundamentally unfair to franchisee respondents, and cite studies finding evidence of arbitrator bias. Respondents state that because of this bias, they were not on equal footing with Petitioners in the arbitration process.

Respondents' claim that the arbitrator disregarded the law is not specifically enumerated in 9 U.S.C. § 10, and may not be considered by the Court. *Hall Street Associates, L.L.C.*, 128 S.Ct. at 1405. However, a closer look at Respondents' allegations demonstrates that they actually are asserting that the arbitrator made errors in determining the facts. The Court cannot consider this argument either, because even if the Court were to disagree with any factual findings made by the arbitrator, the Court's review of arbitration awards is limited, and the Court is not authorized to substitute its judgment for that of the arbitrator hired by the parties. *See Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 790 (8th Cir. 2003).

Additionally, Respondents' claim of bias also fails. They assert that the arbitration process is fundamentally unfair to franchisee respondents, and cite studies finding evidence of arbitrator bias. While 9 U.S.C. § 10 specifically lists bias as a grounds for the vacatur of an arbitration award, this ground is limited to instances "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). Additionally, awards may be vacated where it is "procured by corruption, fraud or undue means." 9 U.S.C. § 10(a)(2). However, these provisions do not result in the vacatur of this arbitration award because Respondents merely assert that the arbitration system is biased against franchisee participants in general. They allege no "evident partiality or corruption" and provide no evidence that the award was "procured by corruption, fraud or undue means." 9 U.S.C. § 10(a). Courts "'must' confirm an arbitration

award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall Street Associates, L.L.C.*, 128 S.Ct. at 1402. As a result, Petitioner's Application must be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Medicine Shoppe International, Inc.'s Application to Confirm Arbitration Award [doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the arbitration award entered on January 30, 2009, granting Judgment against Respondents Turner Investments Inc. and Donnie Turner, in the amount of $472,164.42 in favor of Medicine Shoppe International, Inc. is confirmed in its entirety.

So Ordered this 7th day of May, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE